# Hall, Mackey & Co. *v.* Loveman & Co.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Recitals of deed as to consideration.*—The recital of a particular consideration in a deed is, as between the immediate parties to the instrument, *prima facie* correct, and casts on the party assailing it the *onus* of disproving its correctness; but, where the recited consideration is ambiguous, or where two inconsistent and repugnant considerations are recited, there is no presumption in favor of either.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JAMES AIKEN.

This action was brought by D. B. Loveman & Co., suing as a partnership, against O. L. Hall, A. H. Mackey, and L. C. Hall, as partners composing the late firm of Hall, Mackey & Co.; and was commenced on the 9th December, 1884. The complaint contained only the common count for goods sold and delivered by plaintiffs to defendants, "on or about April 25th, 1884, and falling due on June 24th, 1884," amounting to $302.39. The defendants pleaded, in short by consent, the general issue, payment, set-off, and accord and satisfaction; and issue was joined on these several pleas. On the trial, as the bill of exceptions shows, the material question seems to have been, whether the account sued on was included, as part of the consideration, in a sale and conveyance of a tract of land by said O. L. Hall and wife to Loveman & Co. The deed, which was offered in evidence by the defendants, was dated June 10th, 1884, and recited its consideration thus : "For and in consideration of eight hundred dollars ($800) to us in hand paid by D. B. Loveman & Co., in the indebtedness of Hall, Mackey & Co. to date, the receipt whereof we do hereby acknowledge, do hereby grant . . the following described realty, situated in Etowah county, Alabama, for and in consideration of the sum aforesaid (same being for the sum of $458.23 for the indebt-

edness of Hall, Mackey & Co., which is the consideration only at present.)"

"The defendants offered evidence tending to show a sale by said O. L. Hall to plaintiffs, a short time before the maturity of the account sued on, of a tract of land in DeKalb county, for the sum of $800, and took in part payment a certain note of defendants to plaintiff, referred to in said Hall's deed. There was no evidence that plaintiffs had ever paid said Hall anything on account of said land, other than the amount of the note specified in said deed, which was paid by surrendering said note to said Hall. It was in evidence, also, that said O. L. Hall was, at the time of the sale and conveyance of said lands, running a mercantile business on his own account at Collinsville, Alabama, and had a running account with plaintiffs, and was dealing with them; and there was evidence, outside of said deed, tending to show that plaintiffs agreed to allow him $800 for said land. Plaintiffs' evidence tended to show, in rebuttal, that they only agreed to pay or allow for said land the amount represented by said note referred to in said deed; that the recital of $800 in said deed was not the true consideration for said land, but the real consideration was the said note; that they took the land for the note, and did not agree to pay or allow anything more for it; that they took the land in settlement of said note, and that the account sued on was expressly left out of the settlement."

On this evidence, the defendants requested the following charges, and duly excepted to their refusal: (1.) "The recitals of the deed are *prima facie* evidence that $800 was the consideration of the deed, and casts on the plaintiffs the burden of showing by evidence that they were not to pay any thing more than the amount of the note, in order to defeat defendants' set-off." (2.) "The recital of $800 in the deed, as its consideration, casts on the plaintiffs the burden of showing to the satisfaction of the jury that the real and only consideration was the amount of the note; and unless they satisfy the jury that they were to have the land for the note alone, the defendants would be entitled to the balance of the $800, after deducting $458.23, as a set-off to plaintiffs' account." (3.) "The jury may look to the fact (if it be a fact) that defendant was in business at Collinsville, at the time of the making of the deed, and had a running account with plaintiffs, to ascertain why the account was not completed as a cash part of the consideration; and if plaintiffs

[Johnston v. Jones.]

agreed to give $800 for the land, the fact that the account had not then matured was a sufficient reason for leaving it out, but it would be subject to be set off by the balance of the $800, after deducting the amount of the note as recited in the deed."

The refusal of these charges is here assigned as error.

R. A. DUNLAP, for appellant.

L. A. DOBBS, contra.

SOMERVILLE, J.—It is true that the clear and unambiguous recital of a particular consideration in a deed is *prima facie* evidence of its correctness, as between the immediate parties to the instrument. But this principle has no application to the present case, in view of the fact that the deed from Hall to Loveman & Co. recites on its face an ambiguous consideration—in fact, we may say, two separate and repugnant considerations; the one of which is *eight hundred dollars*, and the other *four hundred and fifty-eight 23-100 dollars*, "in the indebtedness of Hall, Mackey & Co."

The first and second charges requested by the plaintiff were properly refused.

The third charge was purely argumentative in character, and also invaded the province of the jury, in pronouncing on the sufficiency of the evidence; and either of these reasons justified its refusal by the court.

Judgment affirmed.